By the Court.—Sedgwick, Ch. J.
The action was for damage by fire to property insured by the defendants. The court held that the plaintiff was entitled to recover, and the question at the end of the trial concerned the amount that the evidence showed of damage to the property. The court ruled that the plaintiff was bound by an appraisement made of the damage, by an arbitrator and umpire, after there had been a consent by the parties to submit the matter to arbitration. If the merits of this appeal were to be determined by the validity of the award, which was the principal matter argued here, I could not be able to affirm the direction of the learned judge. For assuming that after the arbitrators had failed to agree, there was a competent appointment of the umpire, whose award in connection with the arbitrators, to be made thereafter, might be binding, I am of opinion that the umpire and arbitrator could not proceed without notice to the plaintiff that would enable him to make representations or explanation, the the form of which it is not necessary to pass upon, to the umpire and his associates. There is no evidence in the case, or from the nature of the submission, that the plaintiff waived his right to this notice. An opportunity to appear before the umpire would have been of peculiar value in this case, for it clearly appeared that the umpire and that arbitrator who signed the award, were not experts in *365 the valuation of the claim of the kind in question, and indeed knew little about it.
But if the award be determined to be invalid, it does not follow that there should be a new trial. The judge informed counsel of his intention to direct a verdict in the amount of $134,13, which would be the proper amount if the award were binding. There was no exception to this or to the direction as it was made. Nor did the counsel ask leave to go to the jury, as to the amount of damage, but having previously maintained that the evidence' of value was uncontradicted, asked that the jury be directed to award the sum of $1,655, with interest, and upon a refusal of this, excepted to the refusal. Thus it appears, that if the plaintiff was not as matter of law entitled to the only amount which he claimed, then the direction of the judge that the plaintiff should recover the sum named in the direction, was not injurious to the plaintiff.
The measure of damages is indicated in the policy, which is against all loss or damage, “ the amount of loss or damage to be estimated according to the actual cash value of the property at the time of the fire.”
The property damaged was described by a schedule attached to the proof of loss as pictures, fourteen in number, by Rembrandt, Raphael, Hobbema, Gruido Reine, Salvator Rosa, and other celebrated old masters. Of course, there was no evidence that these were genuine paintings. The plaintiff, and a witness Lanthier had assigned to them values, for the purposes of the insurance, which, aggregated, would if they had been cash values, have justified, a verdict in the sum asked. There was no evidence, however, that they were cash values. The plaintiff knew nothing about the cash values, but testified how much he gave for them, without any facts to show that he gave their market value or their cash value.
The witness Lanthier testified in a most incoherent manner, and his testimony furnished no means of ascertaining the cash value. His former valuation was not based upon what he knew to be their value. He was asked by *366 the plaintiff to make a fair valuation upon the pictures for the plaintiff to keep. There was no market in this country for old paintings.- He thought the plaintiff’s former valuation was excessive. There were only Tour or five that he wanted to buy; that he would have bought if the plaintiff had sold them to him. He did not pay much attention to the lot. He accepted three or four that he rather fancied, and would have paid a good price for them. He examined the pictures once, but saw them three times in all, he thought. He then said that there was a certain market, if the pictures were authenticated ; that the market value depended upon such an authentication. That he could only remember about three pictures, and the only one he really remembered was a portrait by Rembrandt. That the value he placed upon that was $2,000. His testimony as to the cash value was no stronger than indicated by a declaration : “ I was willing to give him that much money for them.” And as to his means of affixing the valuation, he was asked, “ And you were able then, from your recent examination of the pictures, to determine their values,” to which he answered, 111 don’t know how I ought to answer that. I ought to have examined them a little more carefully than what I did.”' Take it altogether, the jury would not have been justified in finding in his testimony any evidence of actual cash value. At the most, he would have been willing to give the sum he named for the Rembrandt, because he rather fancied it; without affirming that it had that cash value. If the amounts he named were taken as the basis, the proportion that the defendant was to pay would not have been the sum asked by plaintiff’s counsel.
The other testimony as the point came from a gentleman who testified that he was familiar with the old masters and had examined fourteen or sixteen pictures shown him by Mr. Linde, it is from the nature of the evidence to be presumed after the fire. He left the stand to enable the plaintiff to testify that before the fire these pictures were in excellent condition, and that he believed the signature to the paintings to be original. The former witness then *367 testified : “The Rembrandt, if it were in good condition, I think ought to be worth $5,000, to a dealer $2,000.” This witness spoke of no other picture. No inference could be properly drawn that the sums named could be procured in cash for the Rembrandt, as it was, in fact.
I, therefore, think that there was no error in refusing to give the direction as to damage, and that as the plaintiff did not ask to have the question of damages submitted to the jury, the verdict that was given cannot be set aside.
The plaintiff’s exceptions should be overruled, and judgment directed to be entered on the verdict, with the costs of the argument to the defendant.
O’Gorman, J., concurred.